UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL RECTOR,

       Plaintiff,

   v.

ANITRA PARRISH STECKENRIDER,
individually and in her official capacity, and
WEXFORD HEALTH SOURCES, INC.,

       Defendants.

Case No. 14-cv-878-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the motions to dismiss filed by defendants Anitra Parish Steckenrider (Doc. 10) and Wexford Health Sources, Inc. ("Wexford") (Doc. 12). Both defendants argue that plaintiff Angel Rector has failed to state her retaliation claims with sufficient detail. Wexford also argues that her negligence claim is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*. Rector has responded to the motions (Docs. 21 & 22).

In this case, Rector, a Wexford employee, claims she was subject to sexual harassment by Steckenrider and another Wexford employee and that she suffered retaliation when she complained about that harassment. She has sued Wexford for sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. (Count I) and the IHRA (Count II), for retaliation in violation of the IHRA (Count III) and for negligent hiring, supervision, retention and control of her alleged harassers (Count IV). She has also sued Steckenrider for sexual harassment (Count V) and retaliation (Count IV) in violation of the IHRA. Steckenrider seeks dismissal of Count VI, and Wexford seeks dismissal of Counts III and IV.

**I.    Dismissal Standard**

The defendants' requests for dismissal are governed by Federal Rule of Civil Procedure

12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

**II.     Retaliation**

Rector's pleading of her retaliation claims consist of the allegations that she "was unlawfully subject to retaliation" by Wexford employees, including Steckenrider, Compl. ¶¶ 42 & 68, and that such retaliation "unreasonably and materially altered the terms and conditions of [her] employment," Compl. ¶¶ 43 & 69. Rector gives no hint as to the nature of the retaliation or the way in which it altered her employment. Her pleading is no more than a "formulaic recitation of the elements of a cause of action" that the *Bell Atlantic* Court said "will not do." *Bell Atl.*, 550 U.S. at 555. It is simply not enough to allow the defendants to understand her charge and respond to it in a meaningful way. While under *Bell Atlantic* and *Iqbal*, Rector does not need to plead details, she does need to plead *some* facts, which she has not done. Consequently, the Court will dismiss Counts III and VI for failure to state a claim. However, because the Court believes Rector may be able to amend her complaint to plead sufficient facts, it will allow her a reasonable time to do so.

### III.     Negligence

Illinois law provides that a cause of action under the IHRA is the exclusive remedy for "civil rights violations," which include sexual harassment by an employer. 775 ILCS 5/8-111(C) ("Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."); 775 ILCS 5/2-102(D). Courts have construed the exclusive remedy provision to mean that the IHRA preempts state law causes of action where the IHRA "furnish[es] the legal duty that the defendant was alleged to have breached." *Naeem v. McKesson Drug Co.,* 444 F.3d 593, 604 (7th Cir. 2006) (internal quotations omitted); *accord Bannon v. University of Chi.*, 503 F.3d 623, 630 (7th Cir. 2007). "If the plaintiff's allegations against the defendant implicate only a duty provided by the IHRA, such as the duty of employers to refrain from discriminating against employees on the basis of their race or national origin, then the plaintiff's claim is preempted." *Bannon*, 503 F.3d at 630. On the other hand, "if the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not furnish the legal duty that the defendant was alleged to have breached, the IHRA does not preempt a state law claim seeking recovery for it." *Naeem*, 444 F.3d at 604 (internal quotations and brackets omitted). This is true even where the factual basis for the state law claim and the IHRA claim is the same. *Id.* (finding intentional infliction of emotional distress claim not preempted). This rule stems from two decisions by the Illinois Supreme Court finding that state law claims were or were not preempted, respectively.

The first case is *Geise v. Phoenix Company of Chicago, Inc.*, 639 N.E.2d 1273 (Ill. 1994). In that case, a plaintiff claimed her manager and her employer had committed a "civil rights" violation under the IHRA when her manager sexually harassed her. *Id.* at 1274. She also alleged

her employer was negligent in hiring and retaining her sexually harassing manager. *Id.* The Illinois Supreme Court found that the plaintiff's negligence claims were inextricably linked to her sexual harassment allegations because, without the sexual harassment, there would be no independent basis for imposing liability on her employer for negligence. *Id.* at 1277. That is, "but for the [IHRA's] proscription against sexual harassment, the plaintiff would have had no legally cognizable claim against her employer." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997) (citing *Geise*, 639 N.E.2d at 1277). Thus, her negligence claims were, in fact, fundamentally "civil rights violations" for which the IHRA provided the sole remedy. *Geise*, 639 N.E.2d at 1277.

In contrast, in *Maksimovic*, the Illinois Supreme Court clarified that the IHRA does not preempt *all* state law causes of action but only those where the duty allegedly violated in the state law cause of action was created by the IHRA and not some other independent source. In *Maksimovic*, as in *Geise*, the plaintiff brought claims of sexual harassment against her manager and her employer. *Id.* at 22. However, unlike in *Geise*, she brought state law claims for assault, battery and false imprisonment but not for negligent hiring and retention. *Id.* Because the legal duties not to assault, batter or falsely imprison were not created by the IHRA and existed independently of the IHRA, the court found those state law causes of action were not preempted by the IHRA. *Id.* at 23.

In the case at bar, Rector claims Wexford breached its "duty to protect [her] from sexual harassment committed by Wexford's employees," Compl. ¶ 50, and its "duty to control their employees, including Anitra Steckenrider, from engaging in inappropriate and unlawful conduct, including sexual harassment," Compl. ¶ 54. Furthermore, every specific allegation of negligent

behavior depends on sexual harassment as defined by the IHRA to establish the wrongfulness of the alleged conduct. For example, Rector alleges Wexford "[n]egligently and carelessly allowed Anitra Steckenrider to sexually harass Wexford employees, including Angel Rector." Compl. ¶ 53(a). But for the IHRA's prohibition of sexual harassment, this allegation would not amount to wrongful conduct. Since the IHRA provides the sole source of the legal duty Rector alleges Wexford violated by hiring, supervising, retaining and controlling Steckenrider, her remedy is solely under the IHRA.

This case is distinguishable from *French v. STL Distribution Services, LLC*, Nos. 10-511-GPM & 10-660-GPM, 2010 WL 4684016 (S.D. Ill. Nov. 10, 2010), a case from this district that Rector cites in support of her position. In that case, the plaintiff brought state law causes of action for negligent retention, negligent supervision, assault, battery and intentional infliction of emotional distress. *Id.* at *1. There, the court found that because the harm the plaintiff allegedly suffered in the negligence claims went beyond the mere sexual harassment to include such things as assault and battery, the negligence claims could go forward. *Id.* at *2. In Rector's case, unlike in *French*, the only harm alleged is the sexual harassment.

For these reasons, the Court will dismiss Count IV without prejudice to the issues being decided under the IHRA.

**IV. Conclusion**

For the foregoing reasons, the Court:

- **GRANTS** Steckenrider's motion to dismiss (Doc. 10);
- **GRANTS** Wexford's motion to dismiss (Doc. 12);
- **DISMISSES** Counts III, IV and VI **without prejudice**;
- **ORDERS** that Rector shall have 30 days to file an amended complaint repleading the

retaliation claims in Counts III and VI.   Should Rector fail to amend her complaint to replead these claims within 30 days, the dismissal will be changed to **with prejudice**; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:   December 16, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**
