UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGEL RECTOR,

    Plaintiff,

v.

ANITRA PARRISH STECKENRIDER,
individually and in her official capacity, and
WEXFORD HEALTH SOURCES, INC.,

    Defendants.

Case No. 14-cv-878-JPG-PMF

## MEMORANDUM AND ORDER

    This matter comes before the Court on plaintiff Angel Rector's motion to strike the affirmative defenses pled by defendants Wexford Health Sources, Inc. ("Wexford") (Doc. 16) and Anitra Parrish Steckenrider (Doc. 15). The defendants have filed a consolidated response to the motions to strike (Doc. 19).

    In this case, Rector, a Wexford employee, claims she was subject to sexual harassment by Steckenrider and another Wexford employee and that she suffered retaliation when she complained about that harassment. She has sued Wexford for sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* (Count I) and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* (Count II), for retaliation in violation of the IHRA (Count III) and for negligent hiring, supervision, retention and control of her alleged harassers (Count IV). She has also sued Steckenrider for sexual harassment (Count V) and retaliation (Count IV) in violation of the IHRA. The Court has dismissed Counts III, IV and VI without prejudice and with leave to replead Counts III and VI.

    Rector asks the Court to strike the defendants' numerous affirmative defenses because they do not contain sufficient factual detail to suggest they are plausible defenses, are not *bona fide*

affirmative defenses but instead denials of elements of Rector's causes of action, or are immaterial to Rector's claims.

Federal Rule of Civil Procedure 12(f) governs whether to strike matters from a pleading. Under Rule 12(f), upon a motion or upon its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to prevent unnecessary expenditures of time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored because they are often employed for the sole purpose of causing delay. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). For this reason, this Court and others have held that a party must show prejudice to succeed on a motion to strike. *See, e.g., Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992). The Court should not strike matter from a pleading pursuant to Rule 12(f) "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.); *accord Anderson*, 169 F. Supp. 2d at 867-68. The burden on a motion to strike is upon the moving party. *See Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028 (N.D. Ill. 1998).

The Court has reviewed the defendants' affirmative defenses and finds that some of them suffer from the flaws claimed by Rector. However, Rector has not shown she will suffer prejudice if the affirmative defenses remain in the pleadings. All of the affirmative defenses rely on issues that are already in the case such as, for example, the lack of causation, the lack of severe or

pervasive offensive conduct, or the propriety of punitive damages. Thus, allowing these issues to remain pled as affirmative defenses will not cause the parties to unnecessarily expend time or money litigating spurious issues.

For these reasons, the Court **DENIES** Rectors' motions to strike (Docs. 15 & 16). However, the Court notes that Rector may soon file an amended complaint, as she has been given permission to do by separate order. To simplify the pleadings, the Court strongly encourages the defendants to be more discriminating in pleading its affirmative defenses to any amended complaint by omitting defenses that are not truly affirmative defenses.

**IT IS SO ORDERED.**
**DATED:   December 16, 2014**

                                         s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **U.S. District Judge**