IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGEL RECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-878-NJR-RJD |
| | ) |
| ANITRA PARRISH STECKENRIDER, | ) |
| Individually and in her official capacity, and | ) |
| WEXFORD HEALTH SOURCES, INC., a | ) |
| Pennsylvania corporation, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Angel Rector brought this action against Anitra Parrish Steckenrider ("Steckenrider") and Wexford Health Sources, Inc. ("Wexford") based on alleged violations of Title VII and the Illinois Human Rights Act (Doc. 27). Specifically, Rector alleged that she suffered sexual harassment and retaliation. On April 19, 2017, the Court granted Wexford's and Steckenrider's Motions for Summary Judgment. On May 2, 2017, Wexford filed a Bill of Costs (Doc. 73). On May 3, 2017, the Court filed a Notice regarding the Taxation of Costs, indicating that any objections were due on or before May 17, 2017 (Doc. 74). On May 16, 2017, Rector filed an Objection to Defendants' Bill of Costs (Doc. 75). On May 18, 2017, Defendants filed a Response (Doc. 78).

Federal Rule of Civil Procedure 54(d)(1) authorizes federal district courts to award costs to prevailing parties in lawsuits. *See* FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Specifically, the recoverable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under

Section 1923; and (6) compensation of court appointed experts, interpreters, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

The Seventh Circuit has noted that the rule provides a "presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citing *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 954 F.2d 219, 222 (7th Cir. 1988)).

Wexford seeks $4,230.31 in costs to cover the cost of reproduction of documents, deposition fees, and copying fees. Along with the Bill of Costs, Wexford has attached the relevant invoices to substantiate each cost claimed. Rector argues that Wexford should not be awarded costs because the Illinois Department of Human Rights ("IDHR") found "substantial evidence of sexual harassment." (Doc. 75, p. 2). Rector urges that, should the Court award costs in favor of Wexford despite this finding, such an award will have a cooling effect on the rights of employees who file a charge of sexual harassment and/or retaliation after receiving a finding of substantial evidence of sexual harassment by the IDHR (*Id.*).

While the Court recognizes that the Seventh Circuit has previously reversed the denial of costs to an employer-defendant in a Title VII case, *see Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 491 (7th Cir. 1982), the Court does not find that awarding costs in favor of Wexford is appropriate under the specific circumstances of this case. As Rector points out, the Illinois Department of Human Rights found "substantial evidence of sexual harassment," and this finding precipitated the commencement of this lawsuit where Rector alleged that she suffered sexual harassment and a related claim of retaliation. It is important that a plaintiff, such as

Rector, is not "unduly intimidated" by the threat of imposition of costs in a case raising important issues such as sexual harassment, in instances where a state agency has previously substantiated that claim. *Mulvihill v. Spalding Worldwide Sports, Inc.*, 239 F. Supp. 2d 121, 122 (D. Mass. 2002) (expressing concern that plaintiffs seeking to bring similar sexual harassment claims would be "'unduly intimidated' by the threat of imposition of costs in a case raising important issues."); *see generally Kuzman v. Hannaford Bros. Co.*, Case No. CV-04-87-B-W, 2005 WL 1981498, at *2 (D. Me. Aug. 10, 2005) (the court exercised discretion and denied the imposition of costs noting, among other things, that the plaintiff attempted to vindicate important statutory rights under Title VII, the case involved issues of public significance, and the plaintiff's claims, though unsuccessful, had merit). Thus, as a matter of public policy and public importance, the Court will exercise its discretion and deny Wexford's Bill of Costs.

Accordingly, the Court **DENIES** Wexford's Bill of Costs (Doc. 73) and **SUSTAINS** Rector's Objection to Wexford's Bill of Costs (Doc. 75).

**IT IS SO ORDERED.**

DATED:    October 17, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**